IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Eric Antonio Samuel, ) | |
| ) | Civil Action No. 8:04-23170-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Officer Larry Turner; Officer Shawn ) | |
| Feldner; and Sergeant John Valdaliso, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 7, 2004, seeking damages for alleged civil rights violations. On February 18, 2005, the defendants filed a motion to dismiss. By order filed March 3, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the motion on March 30, 2005.

**FACTS PRESENTED**

The plaintiff is currently incarcerated in the South Carolina Department of Corrections ("SCDC") system. He alleges in his complaint that when he was arrested on

November 3, 2004, defendants City of Bennettsville police officers Shawn Feldner and Larry Turner beat him while he was in handcuffs. He claims that the staff of the Marlboro County Detention Center took him to the emergency room, but that Turner and Feldner refused to get medical treatment for him. The plaintiff further alleges that defendant police officer John Valdaliso harassed him for four months by stopping his vehicle and searching him for no reason. He claims that Valdaliso brought "false warrants" against him in August, September, and October 2004 (comp. 3-4). The plaintiff alleges that the defendants' actions violated his civil rights.

The defendants attached to their motion several documents, including an incident report. The incident report indicates that on November 3, 2004, the reporting officer, defendant Turner, was contacted by a confidential informant who stated that she had purchased crack cocaine from the plaintiff the day before on credit. She claimed that the plaintiff was now demanding his money, and she was scared. The informant agreed to wear a body wire and make another purchase of crack cocaine from the plaintiff. Defendants Turner and Feldner observed the transaction between the informant and the plaintiff and pursued the plaintiff when he drove away. According to the report, the plaintiff eventually stopped his vehicle, got out, and laid down in the middle of the roadway. The plaintiff was then "placed into custody" (def. m. to dismiss, ex. A). The defendants also attached as an exhibit a report from Marlboro Park Hospital dated November 3, 2004. That report indicates that the plaintiff was brought in to the emergency room complaining of back pain. He claimed the police "stood on his back" (def. m. to dismiss, ex. B).

## **ANALYSIS**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a

motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).

The defendants argue that Feldner and Turner's actions in arresting the plaintiff were "objectively reasonable" (m. to dismiss 2-3). The defendants also argue that the plaintiff's claims of harassment by defendant Valdaliso fail because Valdaliso, on each occasion that he stopped the plaintiff's vehicle, was "making lawful inquiry pursuant to visual contact of an arrestee" (m. to dismiss 4).

In making their arguments, the defendants do not "accept as true" the plaintiff's allegations and argue that the plaintiff cannot prove his claims. Instead, they argue that under their version of the facts, the plaintiff's claims of civil rights violations fail. As noted above, the defendants submitted only the incident report, hospital report, and arrest warrants as exhibits to their motion. If the defendants had not submitted matters outside the pleading, and the motion was considered as a motion to dismiss, this court could not recommend that the motion be granted because the defendants have not shown that the plaintiff can prove no set of facts that would support his claims and entitle him to relief.

3

However, as matters outside the pleadings have been presented by the defendants and have not been excluded by this court, the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be treated as one for summary judgment pursuant to Rule 56. *See* Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" id the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory

4

allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

With regard to the plaintiff's excessive force claim, the defendants argue the facts as set forth in the incident report for November 3, 2004. However, the defendants have submitted no affidavits or deposition testimony in support of their arguments. With regard to the plaintiff's harassment claim, the defendants discuss defendant Valdaliso's thoughts and actions, but they submit no evidence in support of their version of the facts. Based upon the evidence presented, this court cannot say that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendants' motion should be denied. Should the district court adopt this court's recommendation, it is further recommended that the defendants be allowed to file a motion for summary judgment with supporting affidavits, if any, within 30 days of the district court's order.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

July 27, 2005

Greenville, South Carolina

5